IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **SHARIF TARIQ**, | : | |
| Plaintiff, | : | CASE NO.: **1:11-CV-159 (WLS)** |
| v. | : | |
| **BRUCE CHATMAN**, *et al.*, | : | |
| Defendants. | : | |

# ORDER

Before the Court is a Recommendation (Doc. 7) from United States Magistrate Judge Thomas Q. Langstaff, filed November 22, 2011. The Recommendation concerns a complaint filed by Plaintiff Robert Duffy a/k/a Tariq Chatman, pursuant to 42 U.S.C. § 1983, alleging claims for monetary and injunctive relief against Defendants Bruce Chatman, James Jackson, Douglas T. Simmons, Ricky Myrick, Shevondah Fields, and Brian Owens. (Doc. 1). In his Complaint, Plaintiff alleges that the aforementioned defendants violated his constitutional rights by confiscating his Noble Qu'ran. (*See generally id.*)

On November 22, 2011, Judge Langstaff ordered that Plaintiff be permitted to proceed *in forma pauperis.* (Doc. 7 at 1-2). However, in the instant Recommendation filed contemporaneously with the November 22, 2011 Order, Judge Langstaff recommended dismissal of Plaintiff's claims as against Defendants Myrick, Fields, and Owens. (*Id.* at 4-6). Per Judge Langstaff, Plaintiff failed to sufficiently state claims for supervisor liability under § 1983 against these defendants. (*Id.* at 4-6). Judge Langstaff

1

nevertheless recommended that Plaintiff's claims against Defendants Jackson, Simmons, and Chatman be permitted to proceed. (*Id.* at 6).

Plaintiff filed an objection to the November 22, 2011 Recommendation.[1] (Doc. 11). Therein, Plaintiff objected to the dismissal of Defendants Myrick and Field on the grounds that both defendants, acting under "color of law, violated his constitutional rights despite having access to the "institutional policies" and "the United States constitutional laws on Religious Freedom."[2] (*Id.* at 1). For the following reasons, this Court **ACCEPTS** Judge Langstaff's Recommendation.

After reviewing Plaintiff's Objection to Judge Langstaff's November 22, 2011 Recommendation, this Court finds that even after offering Plaintiff's Complaint a liberal construction, Plaintiff's Complaint fails to state a claim for liability against Defendants Myrick and Fields. In his Complaint, Plaintiff states that Defendants Myrick and Fields denied his grievance. (Doc. 1 at 6). In his Objection, Plaintiff further states that these individuals violated his rights despite having access to the institutional policies and constitutional laws regarding religious freedom. (Doc. 11 at 1). However, as noted by Judge Langstaff, an allegation that a supervisor denied a grievance, without more, is insufficient to state a claim for liability. (Doc. 7 at 4); *see also* <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing the instances when a supervisor can be held

---

[1] It appears that Plaintiff attempted to file another objection to Judge Langstaff's Recommendation. (*See* Doc. 20). On February 17, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 16). On February 21, 2012, Judge Langstaff entered an order advising Plaintiff *pro se* of the Motion and directing Plaintiff to file a response to the Motion to Dismiss. (Doc. 18). However, when Plaintiff did file his "response" on March 2, 2012, it was styled as a "Motion for Objection" and only sought to respond to Judge Langstaff's Recommendation, not Defendants' Motion to Dismiss. (Doc. 20). Nevertheless, Judge Langstaff's November 22, 2011 Recommendation provided the Parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. Thus, the deadline for the parties to file any objections to the Recommendation expired on December 6, 2011. Because Plaintiff's later objection to Judge Langstaff's Recommendation was not filed until March 2, 2012, the objection was not timely filed and will not be considered by this Court. *But see infra* n.4.

[2] The Court notes that a portion of the text in Plaintiff's "Motion for Objection" is not visible to the Court. (*See generally* Doc. 11 at 1). However, as it is only the last line of Plaintiff's objection, the Court notes that the visible portions of Plaintiff's Motion provide sufficient information for this Court to rule on Plaintiff's objection.

liable under § 1983).

To state a claim for supervisor liability under § 1983, a plaintiff must either allege 1) that the supervisor personally participated in the alleged constitutional violation or 2) that a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation. Hartley, 193 F.3d at 1269. With regard to the second prong, a causal connection can be established when either one of the following is present: 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so" or 2) "the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Id.* (additional citations and quotations omitted). To be actionable, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* (citations omitted).

A review of Plaintiff's Complaint indicates that Plaintiff has alleged none of the above in the instant case.[3] As such, Plaintiff's allegation that Defendants Myrick and Fields denied his grievance is insufficient for avoiding dismissal. *See id.* ("The deprivations that constitute."); *see also* Owens v. Leavins, No. 5:05-cv-228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006) ("Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.")

---

[3] Though in his "Motion for Objection" (Doc. 20), it does appear that Plaintiff attempted to fashion an argument that Defendants "fail[ed] to establish ways of dealing with this problem," no such allegation, or for that matter, any actual factual allegations, relating to an improper custom or policy were alleged in Plaintiff's complaint. Additionally, as noted above, the portion of Plaintiff's objection including this statement was untimely and therefore is not considered. *See also infra* n.4.

3

Therefore, upon review and consideration, the objections set forth in Plaintiff's timely filed "Motion for Objection" (Doc. 11) are **OVERRULED**[4], and United States Magistrate Judge Langstaff's November 22, 2011 Recommendation (Doc. 7) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendants Ricky Myrick, Shevondah Fields, and Brian Owens are **DISMISSED**. Plaintiff may only proceed with his claims under the First Amendment or RLUIPA against Defendant Bruce Chatman, James Jackson, and Douglas T. Simmons.

**SO ORDERED**, this 22nd day of August, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[4] The Court finds it important to reiterate that even if it were to consider Plaintiff's March 2, 2012 Motion for Objection (Doc. 20), such consideration would not change the outcome. In his March 2, 2012 Motion for Objection, Plaintiff offers only a bare assertion that Defendants Myrick, Field and Owens should be liable under a theory of respondeat superior under § 1983 because of the "absence of policy or procedures" and because of their "failure to establish ways of dealing with this problem." (*Id.* at 6). Plaintiff does not allege any pattern of conduct or any other instances of Defendants' alleged failure to protect constitutional rights. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that a complaint is insufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007))). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. As such, Plaintiff's later objection, which contains "threadbare recitals" of Defendants' "failure to establish ways of dealing with this problem," does not rebut Judge Langstaff's finding that Defendants Myrick, Fields and Owens should be dismissed.